UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN COLLINS and ) <br> CHRISTINE COLLINS, ) <br> Plaintiffs ) <br> ) <br> V. ) <br> ) <br> PORTFOLIO RECOVERY ) <br> ASSOCIATES, LLC; ) <br> PRA GROUP, INC.; ) <br> FIRST SOURCE ADVANTAGE, LLC; and ) <br> PIONEER CREDIT RECOVERY ) <br> Defendants ) <br> ) | Case No. 3:17-cv-00798 <br> Jury Trial Requested <br><br><br> May 16, 2017 |

**PLAINTIFF'S COMPLAINT
FOR CIVIL PENALTIES, INJUNCTIVE, AND OTHER RELIEF**

Plaintiffs, John Collins and Christine Collins, allege as follows:

**JURISDICTION AND VENUE**

1.  This is an action arising under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq, to obtain monetary civil penalties, a permanent injunction, restitution, disgorgement and other equitable relief for Defendants' violations of the FDCPA.

2.  This Court has jurisdiction over this matter under 28 U.S.C. §§1331, 1337(a), and 1355; and under 15 U.S.C. §§ 1692, et seq.

3.  Venue is proper in the United States District Court for the District of Connecticut under 28 U.S.C. §§ 1391(b)-(c).

**SUPPLEMENTAL OR CONCURRENT JURISDICTION**

4.  The United States District Court for the District of Connecticut has supplemental jurisdiction over State law claims in this matter pursuant to 28 U.S.C. § 1367(a).

## PLAINTIFFS

5. John Collins and Christine Collins are citizens of the United States of America, residing in the Town of Coventry, County of Tolland, and State of Connecticut, and are consumers as defined by the Fair Debt Collection Practice Act, 15 U.S.C. § 1692a(3); references to "Plaintiff" or "Plaintiffs" herein refer to all Plaintiffs or either of them.

## DEFENDANTS

6. Portfolio Recovery Associates, LLC ("Portfolio") is a limited liability company created and existing pursuant to the laws of the State of Virginia. At all times relevant to this Complaint, Defendant Portfolio has transacted business in this District.

7. PRA Group, Inc. ("PRA") is a corporation created and existing pursuant to the laws of the State of Virginia, and is a subsidiary and/or affiliate of Defendant Portfolio. At all times relevant to this Complaint, Defendant Portfolio has transacted business in this District and throughout the United States.

8. FirstSource Advantage, LLC ("Firstsource") is a corporation created and existing pursuant to the laws of the State of New York. At all times relevant to this Complaint, Defendant Firstsource has transacted business in this District.

9. Pioneer Credit Recovery, Inc. ("Pioneer") is a corporation created and existing pursuant to the laws of the State of New York. At all times relevant to this Complaint, Defendant Pioneer has transacted business in this District.

10. Defendants are "debt collectors" as defined by the Fair Debt Collection Practice Act, 15 U.S.C. § 1692a(6).

11. As used in this Complaint, the term "Defendants" refers to all of the Defendants or any of them.

## DEFINITIONS

12. The term "consumer" as used in this Complaint means any natural person obligated or allegedly obligated to pay any debt as "debt" is defined in 15 U.S.C. § 1692a(5).

13. The term "location information" as used in this Complaint means a consumer's place of abode and the consumer's telephone number at such place, or the consumer's place of employment, as defined by the Fair Debt Collection Practice Act, 15 U.S.C. § 1692a(7).

14. The term "communication" as used in this Complaint is synonymous with the definition of communication as defined in Section 4 of the Fair Trade Commission Act, 15 U.S.C §16392a(2).

## DEFENDANTS' BUSINESS PRACTICES

15. The Defendants provide debt collection services throughout the United States, including in Connecticut.

16. The Defendants use both automated and human operators to collect purported debts via telephonic means and methods.

17. The Defendants have used, and continue to use, abusive, harassing, fraudulent, deceptive, and misleading representations in telephone communications with the Plaintiffs, without verifying that the Plaintiffs owe or owed any such debt, and despite Defendants' admission that Plaintiff do not owe any debt to them.

18. The Defendants, by telephonic means and methods, have pressured and/or threatened Plaintiffs, and continue to pressure and/or threaten the Plaintiffs, to pay purported debts that have not been verified and do not exist.

## FACTS COMMON TO ALL COUNTS

19. At all times relevant hereto the Plaintiffs had no relevant outstanding debt, and asserted the same to the Defendants at all times relevant hereto.

20. From the time period of September of 2015 through November 15, 2016, the Plaintiffs received at least 98 calls from the Defendants in an attempt to collect a purported debt, and continue to receive calls to the present day.

21. Said phone calls sometimes included harassing, abusive, and/or oppressive language, such as:

    a. asking for one of the Plaintiffs, then hanging up on one of the Plaintiffs after they identified themself;

    b. leaving voice messages on the family answering machine threatening to take legal action if the debts were not satisfied;

    c. calling several times a week at all hours of the day; and

    d. intentionally inciting argument with the Plaintiffs.

22. On numerous occasions, through the means described in paragraphs 13, 14, 15, and 16 above, Defendants have directly and indirectly represented to Plaintiffs, both expressly and by implication, that the debts are valid and that Plaintiffs had an obligation to pay these debts.

23. At all times relevant hereto, Defendants did not, and do not, have a reasonable basis for the above representations.

24. On or about February 25, 2016, in response to the continued harassment by Defendants, the Plaintiffs notified Connecticut's Office of the Attorney General about the Defendants' misleading, deceptive, annoying, and harassing collection practices.

25. The Connecticut Office of the Attorney General thereupon referred Plaintiffs' allegation to the Connecticut Department of Consumer Protection for further inquiry and investigation.

26. Upon receipt of said referral from the Connecticut Office of the Attorney General, the Connecticut Department of Consumer Protection contacted Defendant PRA and/or Portfolio and notified it of the complaint.

27. On or about March 24, 2016, the Defendant PRA and/or Portfolio sent a letter to both the Connecticut Department of Consumer Protection and the Connecticut Office of the Attorney General stating, among other things, that the "[Plaintiffs are] not the person we were seeking to contact and we regret the consumer's inconvenience. We have removed the consumer's telephone number from our calling system, blocked all outbound calls from PRA to the consumers' telephone number and updated the records with which the consumer's telephone number had been associated." See Letter attached hereto as Exhibit A.

28. Starting on or about August 12, 2016, approximately five months after receipt of PRA and/or Portfolio's apology letter, the Plaintiffs began to again receive violative phone calls described above, including calls from PRA and/or Portfolio requesting the Plaintiffs by name.

29. In response to the renewed phone calls, the Plaintiffs again contacted the Connecticut Office of the Attorney General, which in turn re-opened its inquiry into the Defendants' behavior and contacted Defendant PRA and/or Portfolio in September.

30. In response to the Connecticut Office of the Attorney General's renewed contact, Defendant PRA ceased communications with the Plaintiffs on September 12, 2016.

31. Within one month after calls ceased from Defendant PRA and/or Portfolio, calls to the Plaintiffs' private telephone number began arriving from Defendant Pioneer and Defendant Firstsource in the same manner and frequency as the calls from Defendant PRA and/or Portfolio, and have continued ever since that time despite Plaintiffs' regular maintenance that they dispute the validity of the alleged debt under collection.

32. At all times relevant hereto, Plaintiffs have disputed the validity of said alleged debt, including by both written and verbal communication in response to the repeated calls.

**COUNT ONE:  VIOLATION OF 15 U.S.C. § 1692c**

1-32. Paragraphs 1 through 32 of this Complaint are hereby incorporated and made the corresponding Paragraphs 1 through 32 of Count One.

33. Section 1692c of the of the Fair Debt Collection Practice Act mandates that a debt collector must cease all communication with the consumer in the event that the consumer notifies the debt collector in writing refusing to pay the debt or asking the debt collector to cease communication, except to advise the consumer that the debt collector's further efforts are being terminated.

34. In connection with the allegations described above, Defendants have directly and/or indirectly violated Section 1692c of the of the Fair Debt Collection Practice Act by actions including, but not limited to, the following:

    a. not ceasing all communications to Plaintiffs after admitting in writing to Connecticut's Office of Attorney General and Connecticut's Department of Consumer Protection that the Plaintiffs owed no debt.

35. Such actions demonstrate an intentional and/or willful noncompliance with the Fair Debt Collection Practice Act, such that the Defendants knowingly continued to communicate illegally and improperly with the Plaintiffs after admitting that the Plaintiffs owed no debt.

36. As a result of Defendants' violations of 15 U.S.C. § 1692c, the Plaintiffs have suffered and will continue to suffer damages, including but not limited to anxiety, worry, sleeplessness, fear, shortness of breath, stress, court costs and legal fees.

## COUNT TWO:  VIOLATION OF 15 U.S.C. § 1692e

1-36. Paragraphs 1 through 36 of Count One of this Complaint are hereby incorporated and made the corresponding Paragraphs 1 through 36 of Count Two.

37. Section 1692e of the of the Fair Debt Collection Practice Act prohibits the use of false, deceptive, or misleading representation or means in connection with the collection of any debt, including the false representation of the character of a debt, and the use of any false representation or deceptive means to collect or attempt to collect any debt.

38. In connection with the allegations described above, Defendants have directly and/or indirectly used false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of Section 1692e of the of the Fair Debt Collection Practice Act by actions including, but not limited to, the following:

   a. falsely representing that Plaintiffs owed the debt being sought after by Defendants;

   b. misrepresenting a debt owed and the alleged amount of said nonexistent debt;

   c. attempting to deceive and/or mislead Plaintiffs into believing that they owed the debt being charged by Defendants;

   d. attempting to unjustifiably coerce Plaintiffs into paying for a nonexistent debt.

   e. continuing to represent to Plaintiffs that the Plaintiffs owed Defendants a debt after admitting to Connecticut's Office of Attorney General and Connecticut's Department of Consumer Protection that no debt was owed.

39. Such actions further demonstrate an intentional and/or willful noncompliance with the Fair Debt Collection Practice Act, such that the Defendants knowingly continued to falsely represent that the Plaintiffs owed a debt after admitting that no debt was owed, and knowingly and/or intentionally continued to use false, deceptive, and/or misleading representation or means in connection with collecting upon a debt it knew was nonexistent.

40. As a result of Defendants' violations of 15 U.S.C. § 1692e, the Plaintiffs have suffered and will continue to suffer damages, including but not limited to anxiety, worry, sleeplessness, fear, shortness of breath, stress, court costs and legal fees.

### COUNT THREE: VIOLATIONS OF 15 U.S.C. § 1692g

1-40. Paragraphs 1 through 40 of Count Two of this Complaint are hereby

incorporated and made the corresponding Paragraphs 1 through 40 of Count Three.

    41.    Section 1692g of the Fair Debt Collection Practice Act mandates that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless said information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing the following:

    a.    The amount of the debt;

    b.    the name of the creditor to whom the debt is owed;

    c.    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    d.    a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification fo the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    e.    a statement that, upon the consumer's written request with the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

    42.    At all times relevant hereto, the Defendants failed to take any such steps to validate the purported debt as required by section 1692g, and indeed, continued to attempt to collect the purported debt after admitting that the debt did not exist.

    43.    Defendants' failure to validate the above-stated information with Plaintiffs constitutes a violation of Section 1692g of the Fair Debt Collection Practice Act.

    44.    As a result of Defendants' violations of 15 U.S.C. § 1692g, the Plaintiffs have suffered and will continue to suffer damages, including but not limited to anxiety, worry, sleeplessness, fear, shortness of breath, stress, court costs and legal fees.

## COUNT FOUR: VIOLATION OF 15 U.S.C. § 1692d

1-44.    Paragraphs 1 through 44 of Count Three of this Complaint are hereby incorporated and made the corresponding Paragraphs 1 through 44 of Count Four.

45.    15 U.S.C. § 1692d proscribes debt collectors from engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, including causing a telephone to ring or repeatedly engaging persons via telephone repeatedly and continuously causing annoyance, abuse, or harassment.

46.    As set forth above, on over ninety eight occasions, through the means described in paragraphs 16, 17 and 18, in connection with the collection of purported debts, Defendants directly or indirectly have engaged in conduct with the natural consequence of harassing, oppressing, annoying and abusing Plaintiffs, including:

    a.    numerous repetitive harassing phone calls;

    b.    use of rude and abusive language when speaking to Plaintiffs;

    c.    harshly demanding identification then abruptly hanging up the phone; and

    d.    refusing to identify who they were and where they were calling from.

47.    The intent of the communications described above, and the natural consequence of said communications, was to annoy, abuse, and/or harass the Plaintiffs.

48.    Defendant's course of conduct continued with the intent to harass, annoy, and oppress the Plaintiffs even after Defendant admitted that Plaintiff did not owe them a debt.

49.    The acts and practices alleged in Paragraphs 46-48 thus constitute violations of 15 U.S.C. § 1692d.

50.    As a result of Defendants' violations of 15 U.S.C. § 1692d, the Plaintiffs have suffered and will continue to suffer damages, including but not limited to anxiety, worry, sleeplessness, fear, shortness of breath, stress, court costs and legal fees.

## COUNT FIVE: VIOLATION OF CONN. GEN. STAT. § 36a-646

1-50.Paragraphs 1 through 50 of Count Four of this Complaint are hereby incorporated and made the corresponding Paragraphs 1 through 50 of Count Five.

51.C.G.S. § 36a-646, and the regulations adopted pursuant to C.G.S. § 36a-647, command, inter alia, that creditors shall not use any abusive, harassing, fraudulent, deceptive or misleading representation, device or practice to collect or attempt to collect any debt.

52.C.G.S. § 36a-648 provides civil remedies, including monetary damages and costs of bringing an action for a creditor's use of abusive, harassing, fraudulent, deceptive or misleading representation, device or practice to collect or attempt to collect any debt in violation of C.G.S. § 36a-646.

53.From at least November of 2015 and continuing through the present time, the Defendants intentionally and persistently used, and continue to use, abusive, harassing, fraudulent, deceptive or misleading representation, device or practice to collect or attempt to collect a nonexistent alleged debt by repeated telephone calls to the Plaintiffs.

54.In making the telephone calls described above, the Defendants violated C.G.S. § 36a-646 and/or the regulations adopted pursuant to C.G.S. § 36a-647, thereby entitling the Plaintiffs to money damages and other relief.

55.As a result of Defendants' violations of C.G.S. § 36a-646, the Plaintiffs have suffered and will continue to suffer damages, including but not limited to anxiety, worry, sleeplessness, fear, shortness of breath, stress, court costs and legal fees.

## COUNT SIX: VIOLATION OF C.G.S. § 36a-812

1-55.Paragraphs 1 through 55 of Count Five of this Complaint are hereby incorporated and made the corresponding Paragraphs 1 through 55 of Count Six.

56.At all times relevant hereto, the Defendants acted as a consumer collection agency in Connecticut.

57.     Connecticut General Statutes § 36a-812 directs that consumer collection agencies shall comply with the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq., as may be amended from time to time.

58.     From at least November of 2015 and continuing through the present time, the Defendants consistently violated both Connecticut General Statutes § 36a-812 and contemporaneously 15 U.S.C 1692 et seq by using unfair, deceptive trade practices, as more thoroughly described above.

59.     As a result of Defendants' violations of C.G.S. § 36a-812, the Plaintiffs have suffered and will continue to suffer damages, including but not limited to anxiety, worry, sleeplessness, fear, shortness of breath, stress, court costs and legal fees.

### **DEMAND FOR RELIEF**

**WHEREFORE,** pursuant to the above-cited statutes and the Court's own equitable powers, Plaintiff respectfully requests that the Court:

1. Enjoin Defendants from making or causing to make the Plaintiffs' phone ring.

2. Award Plaintiffs fair, just, and equitable money damages;

2. Award Plaintiffs punitive damages;

3. Award Plaintiffs attorney's fees and costs of bringing this action; and

4. Such other relief in law or equity as the Court may deed just, proper, and equitable.

                                                    PLAINTIFFS,
                                                    John Collins and Christine Collins

                                                    By:   /s/ John Q. Gale
                                                        John Q. Gale, Juris No. ct 05206
                                                        Law Offices of John Q. Gale, LLC
                                                        363 Main Street, 4th Floor
                                                         Hartford, CT 06106
                                                         TEL: (860) 522-8296
                                                         FAX: (860) 522-8298
                                                         jgale@jqglaw.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JOHN COLLINS and<br>CHRISTINE COLLINS,<br>                Plaintiffs<br><br>V.<br><br>PORTFOLIO RECOVERY<br>ASSOCIATES, LLC and<br>PRA GROUP, INC.,<br>                Defendants | Case No. 3:17-cv-00798<br>Jury Trial Requested<br><br>May 16, 2017 |

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff hereby demands a trial by jury.

                            Plaintiffs,

                            John Collins and Christine Collins

                            By: /s/ John Q. Gale
                                John Q. Gale, Juris No. ct 05206
                                Law Offices of John Q. Gale, LLC
                                363 Main Street, 4th Floor
                                Hartford, CT 06106
                                TEL: (860) 522-8296
                                FAX: (860) 522-8298
                                jgale@jqglaw.com