UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| John Collins and Christine Collins,<br><br>        Plaintiffs,<br><br>v.<br><br>Portfolio Recovery Associates, LLC; PRA Group, Inc., First Source Advantage, LLC and Pioneer Credit Recovery,<br><br>        Defendants. | CIVIL ACTION NO. 3:17-cv-00798-MPS |

**DEFENDANTS PORTFOLIO RECOVERY ASSOCIATES, LLC AND PRA GROUP, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), Defendants, Portfolio Recovery Associates, LLC ("Portfolio Recovery") and PRA Group, Inc. ("PRA Group") (collectively "the PRA Defendants") hereby move to dismiss Plaintiffs' Complaint for lack of personal jurisdiction and for failure to state a claim upon which relief may be granted. As grounds, the PRA Defendants state as follows:

**I.**  **Introduction**

The underlying matter arises out of Plaintiffs' claims under the Fair Debt Collection Practices Act ("FDCPA") and the Connecticut Creditors' Collection Practices Act ("CCCPA"). Plaintiffs allege that Defendants violated the foregoing statutes through their attempted collection of a debt which Plaintiffs claim not to owe.  However, as the following will more specifically demonstrate, Plaintiffs claims should be dismissed as a matter of law given Plaintiffs' inability to establish personal jurisdiction over PRA Group, and based upon their inability to state a claim upon which relief may be granted with respect to the PRA Defendants.

PRA Group is a publicly trading holding company, and parent company to Portfolio Recovery. In its capacity as a holding company, PRA Group does not purchase, own or collect any consumer receivables. Instead, all such conduct is solely undertaken by Portfolio Recovery. PRA Group does not maintain a physical presence in Connecticut nor is it licensed to do business in the state. Moreover, PRA Group did not (and does not) engage in any collection conduct in Connecticut with respect to the Plaintiffs, nor did it otherwise avail itself of Connecticut's laws in any respect. Accordingly, PRA Group is not subject to specific or general personal jurisdiction in the underlying matter, and Plaintiffs' Complaint against it should be dismissed as a matter of law.

Plaintiffs are similarly unable to state a claim upon which relief may be granted with respect to either their FDCPA or CCCPA claims. To sustain a claim under the FDCPA and CCCPA, Plaintiffs must allege, among other things, that the PRA Defendants sought to collect from Plaintiffs a consumer debt that was incurred for personal, family or household purposes. However, Plaintiffs fail to adequately plead this fundamental element of their claim. Specifically, Plaintiffs Complaint is devoid of any allegations supporting any inference that the debt at issue, which they deny owing, was incurred for personal, family or household purposes. Absent any such allegations, Plaintiffs' Complaint should be dismissed for failure to state a claim as a matter of law. Moreover, Plaintiffs concede that they do not owe the alleged debt on which the PRA Defendant sought to collect, and are therefore not "consumers" for purposes of the underlying litigation. As such, Plaintiffs lack standing to assert claims under specific alleged subsections of the FDCPA. Plaintiffs' claims under the CCCPA fail for the same reasons that they are unable to assert claims under the FDCPA.

## II.  Statement of Facts[1]

The Defendants[2] provide debt collection services throughout the United States, including in Connecticut. Plaintiff's Compl., attached as Exhibit A, ¶ 15. The Defendants use both automated and human operators to collect purported debts via telephonic means and methods. *Id.*, ¶ 16.  At all times relevant hereto the Plaintiffs had no relevant outstanding debt, and asserted the same to the Defendants at all times relevant hereto. *Id.*, ¶ 19.  From the time period of September of 2015 through November 15, 2016, the Plaintiffs received at least 98 calls from the Defendants in an attempt to collect a purported debt, and continue to receive calls to the present day. *Id.*, ¶ 20. On numerous occasions, Defendants have directly and indirectly represented to Plaintiffs, both expressly and by implication, that the debts are valid and that Plaintiffs had an obligation to pay these debts. *Id.*, ¶ 22.

On or about February 25, 2016, Plaintiffs notified Connecticut's Office of the Attorney General about the Defendants' alleged practices. *Id.*, at ¶ 23.  The Connecticut Office of the Attorney General referred Plaintiffs' allegation to the Connecticut Department of Consumer Protection for further inquiry and investigation. *Id.*, at ¶ 25. Upon receipt of said referral from the Connecticut Office of the Attorney General, the Connecticut Department of Consumer Protection contacted Defendant PRA and/or Portfolio and notified it of the complaint. *Id.*, at ¶ 26.  On or about March 24, 2016, PRA and/or Portfolio sent a letter to both the Connecticut Department of

---

[1] Plaintiffs' Statement of Facts is accepted as true only for purposes of the PRA Defendants' Motion to Dismiss Plaintiffs' Complaint.

[2] Plaintiffs group the Defendants together and fail to identify which individual defendant undertook the specific conduct of which Plaintiffs complain. *See* Plaintiffs' Compl., *generally*.  For example, Plaintiffs stated that "[a]s used in this Complaint, the term 'Defendants' refers to all of the Defendants or any of them." *See* Plaintiffs' Compl., ¶ 11.  Moreover, Plaintiffs repeatedly incorporate all allegations of their complaint into each individual count set forth therein. *Id.*  This sort of "'shotgun" pleading illustrates plaintiffs' utter disrespect for Rule 8." *Coakley v. Jaffe*, 49 F. Supp. 2d 615, 625 (S.D.N.Y 1999); *Rice v. Spencer*, 2014 WL 2453104 at *3 (D. Mass. May 29, 2014) ("referring to all of the defendants collectively, when it cannot be reasonably inferred that all of the defendants were involved, does not meet the requirements of Rule 8(a).")

Consumer Protection and the Connecticut Office of the Attorney General stating, among other things, that the "[Plaintiffs are] not the person we were seeking to contact and we regret the inconvenience…" *Id*., at ¶ 27.

Starting on or about August 12, 2016, approximately five months after receipt of PRA and/or Portfolio's apology letter, the Plaintiffs began to again receive phone calls from PRA and/or Portfolio requesting the Plaintiffs by name. *Id.*, at ¶ 28. In response to the renewed phone calls, the Plaintiffs again contacted the Connecticut Office of the Attorney General, which in turn reopened its inquiry into the Defendants' behavior and contacted Defendant PRA and/or Portfolio in September. *Id.*, at ¶ 29. In response to the Connecticut Office of the Attorney General's renewed contact, Defendant PRA ceased communications with the Plaintiffs on September 12, 2016. *Id.*, at ¶ 30. At all times relevant hereto, Plaintiffs have disputed the validity of said alleged debt, including by both written and verbal communication in response to the repeated calls. *Id.*, at ¶ 32.

### III.    Plaintiffs' Claims

Plaintiffs allege that the PRA Defendants violated several subsections of the FDCPA including §§ 1692c, 1692d, 1692e, and 1692g.  Plaintiffs also allege that the PRA Defendants violated the CCCPA including §§ 36a-646 and 36a-812. (Plaintiffs' Compl., *generally*).

### IV.    Legal Standard

####    A.    Fed. R. Civ. P. 12(b)(2)

"A civil action should be dismissed if the court lacks personal jurisdiction over a party." *Young Pharms., Inc. v. Marchese*, 2017 U.S. Dist. LEXIS 16106 at *5 (D. Conn. Feb. 6, 2017). "When responding to a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that this court has jurisdiction over the defendant." *Am.*

*Wholesalers Underwriting, Ltd. v. Am. Wholesale Ins. Grp., Inc.*, 312 F. Supp. 2d 247, 251 (D. Conn. 2004), *citing Robinson v. Overseas Military Sales Corp.*, 21 F. 3d 502, 507 (2d Cir. 1994). "Such a showing must be made by alleging facts, not simply conclusions, but the Court construes jurisdictional allegations liberally and takes as true uncontroverted factual allegations." *Vertrue, Inc. v. Meshkin*, 429 F. Supp. 2d 479, 489 (D. Conn. 2006). "However, if a plaintiff's factual allegations are disputed the Court cannot avoid scrutiny of the plaintiff's affidavit to determine whether it can provide a sufficient basis for the court to assume jurisdiction." *Hamann v. Carpenter*, 2017 U.S. Dist. LEXIS 12918 at *6 (D. Conn. Jan. 31, 2017).

"In determining whether personal jurisdiction exists, the Court makes a threshold finding as to whether the applicable state's long-arm statute authorizes the assertion over the non-resident defendants." *SLSJ v. Kleban*, 2015 U.S. Dist. LEXIS 57074 at *18 (D. Conn. Apr. 30, 2015). Connecticut's long arm statute applicable to foreign corporations states, in relevant part:

> Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state; (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state; (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumer in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance.

*See* Conn. Gen. Stat. § 33-929(f).

"The Connecticut Supreme Court has interpreted § 33-929 to permit the exercise of personal jurisdiction over a non-resident corporation under two theories. First, the court could find personal jurisdiction based upon a theory of specific jurisdiction, where, generally speaking the defendant purposefully directs certain enumerated activities at the form state, and those activities actually caused the harm complained of." *See Am. Wholesalers Underwriting, Ltd.*, 312 F. Supp. 2d at 254. "If the statutory requirements are met, its second obligation is then to decide whether the exercise of jurisdiction over the defendant would violate constitutional principles of due process." *Knipple v. Viking Communincations, Ltd.*, 236 Conn. 602, 606 (1996). "The constitutional analysis under the Due Process Clause consists of two separate components: the 'minimum contacts' inquiry and the 'reasonableness' inquiry." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F. 3d 50, 60 (2d Cir. 2012).

The "minimum contacts" inquiry requires the court to consider whether the defendant has "purposefully availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *See Young Pharms., Inc.*, 2017 U.S. Dist. LEXIS at *9. A defendant's conduct and contacts with the forum state must be such that the defendant "should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985); *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F. 3d 158, 166 (2d Cir. 2005) (holding that courts must consider a totality of the circumstances to determine whether a defendant's contacts with the forum state justify the exercise of personal jurisdiction).

The "reasonableness" inquiry requires the court to decide "whether the assertion of personal jurisdiction comports with traditional notions of fair play and substantial justice – that is, whether it is reasonable to exercise personal jurisdiction under the circumstances of the

particular case." *Licci*, 673 F. 3d at 60.  The Supreme Court has held that courts must evaluate the following factors as part of this analysis: "(1) the burden that the exercise of jurisdiction will impose on the defendant[s]; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F. 3d 560, 568 (2d Cir. 1996) *citing Asahi Metal Indus. Co., Ltd. v. Superior Court*, 480 U.S. 102, 113-14 (1987).

General jurisdiction, in contrast, permits a court to adjudicate any cause of action against the corporate defendant, wherever arising, and whoever the plaintiff. *Brown v. Lockheed Martin Corp.* General jurisdiction is thus properly exercised when "the defendant has had continuous and systematic general business contacts with the state." *Knipple*, 236 Conn. 606, n. 6.

B.      Fed. R. Civ. P. 12(b)(6)

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "the court must 'accept all factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor.'" *Mayor and City Council of Baltimore, MD v. Citigroup, Inc.*, 708 F. 3d 129, 135 (2d Cir. 2013).  A plaintiff's obligation to provide the grounds of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

"[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Nielson v. Rabin*, 746 F.

7

3d 58, 62 (2d Cir. 2014). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Pension Ben Guar. Corp. ex rel. St. Vincent Catholic Medical Centers Retirement Plan v. Morgan Stanley Investment Management Inc.*, 712 F. 3d 705, 718 (2d Cir. 2013). "The complaint must demonstrate more than a sheer possibility that a defendant acted unlawfully. Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown that the pleader is entitled to relief." *Id.* "Importantly, the 'plausibility' standard applies only to a complaint's factual allegations. We give no effect at all to 'legal conclusions couched as factual allegations.'" *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F. 3d 117, 121 (2d Cir. 2007). Therefore, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Starr v. Sony BMG Entertainment*, 592 F. 3d 314, 329 n. 1 (2d Cir. 2010).

**V.**     **Argument**

    A.    This Court Lacks Personal Jurisdiction over PRA Group

        ii.    **Connecticut's Long-Arm Statute Does not Authorize Jurisdiction over PRA Group**

Plaintiffs' Complaint is devoid of any allegations that PRA Group is subject to jurisdiction in Connecticut based upon (1) a contract made in Connecticut, (2) the solicitation of business in Connecticut; or (3) from the manufacture of goods used in Connecticut. *See* Plaintiff's Compl., *generally*; *see* Conn. Gen. Stat. § 33-929(f). Plaintiffs are therefore limited to demonstrating that PRA Group is subject to personal jurisdiction in Connecticut based upon its own tortious conduct in the state. However, Plaintiffs' Complaint is nearly bereft of any allegations against PRA Group that could otherwise establish personal jurisdiction in the

8

underlying matter. Plaintiffs' sole allegation against PRA Group is as follows: "[s]tarting on or about August 12, 2016, approximately five months after receipt of PRA and/or Portfolio's apology letter, the Plaintiffs began to again receive violative phone calls…including from PRA…requesting the Plaintiffs by name." (Plaintiffs' Compl., ¶ 28). But, this allegation alone is insufficient to establish personal jurisdiction.

As a threshold matter, Plaintiffs plead in the alternative that the conduct could have been undertaken by either Portfolio Recovery or PRA Group, and do not conclusively allege that PRA Group undertook any wrongful conduct whatsoever. Such conclusory allegations alone are insufficient to establish that PRA Group is subject to personal jurisdiction in the underlying matter. *See, e.g.*, *Dunne v. Doyle*, 2014 U.S. Dist. LEXIS 102389 at *27-*28 (D. Conn. Jul. 28, 2014) (conclusory allegations regarding "numerous calls and conferences" were insufficient to establish personal jurisdiction over defendant); *Shaw v. American Cyanmid Co.*, 534 F. Supp. 527, 528 (D. Conn. 1982) ("In response to a motion to dismiss for lack of personal jurisdiction…the party asserting jurisdiction must do more than rely on merely conclusory allegations…a motion to dismiss under Rule 12(b)(2) is a test of the plaintiff's actual proof…"); *Marczeski v. Kamba*, 2001 U.S. Dist. LEXIS 12555 at *2 (D. Conn. Feb. 23, 2001) ("conclusory allegations are not enough to establish personal jurisdiction.")

Moreover, PRA Group has established by way of its supporting affidavit that it is not subject to personal jurisdiction in Connecticut. *See* Affidavit attached as Exhibit B. PRA Group is a publicly traded holding company that owns a number of subsidiary companies, one of which is Portfolio Recovery. Ex. B, ¶¶ 2-3. PRA Group does not directly purchase, own or collect consumer receivables. *Id.*, at ¶ 5. Instead, all such conduct is undertaken by Portfolio Recovery. *Id.* at ¶ 4. PRA Group did not engage in any collection activity with respect to the Plaintiffs in

Connecticut or otherwise, and does not engage in business in Connecticut. *Id.*, at ¶ 6. Since PRA Group did not engage in any collection activity with respect to the Plaintiffs in Connecticut, they are unable to establish personal jurisdiction under the long arm statute, and the Court therefore lacks personal jurisdiction over PRA Group. *See, e.g.*, *Pitruzello*, 70 Conn. App. at 314-15 (approving of trial court's decision not to exercise jurisdiction over a defendant because even though plaintiff's allegations, "standing along, might have provided a basis for assuming personal jurisdiction," they "were not supported by the plaintiff's affidavit and had been contradicted by the defendant's affidavit.").

Even assuming PRA Group is subject to Connecticut's long-arm statute, the exercise of jurisdiction over PRA Group would not comport with due process. First, PRA Group does not have the necessary "minimum contacts" with Connecticut for purposes of establishing personal jurisdiction. PRA does not engage in any business activity in the state of Connecticut, has no employees or other physical presence in Connecticut, and is not registered to do business in the state of Connecticut. (Ex. B, ¶¶ 6-8). In short, PRA Group has no contacts with Connecticut in any respect, and in no way avails itself of the privilege of conducting activities in the state. Accordingly, exercising personal jurisdiction over PRA Group would not comport with due process.[3]

Given the absence of any connection to Connecticut, it would be unreasonable for this Court to exercise jurisdiction over PRA Group. This is especially so since Plaintiffs' claims may be adjudicated even if the Court declines to exercise jurisdiction over PRA Group. Even if PRA Group is dismissed from the case, Plaintiffs may still litigate their identical claims against

---

[3] For these same reasons, the Court does not have general jurisdiction over PRA Group insofar as it does not have "continuous and systematic general business contacts with the state."

Portfolio Recovery. Therefore, Plaintiffs will not suffer any prejudice by the Court's refusal to exercise jurisdiction over PRA Group.

Refusing to exercise jurisdiction over PRA Group would comport with case law from other district courts nationwide that have likewise refused exercise personal jurisdiction over PRA Group given its absence of any connection to various states where it is not headquartered. *See, e,g.*, *Schultz v. Portfolio Recovery Assocs., LLC*, 2012 U.S. Dist. LEXIS 154620 at *14 (N.D. Iowa Oct. 29, 2012) (dismissing PRA Group, Inc. for lack of personal jurisdiction because it did not conduct business in Iowa and had no contact with Plaintiffs); *Velez v. Portfolio Recovery Assocs.*, 881 F. Supp. 2d 1075 (E.D. Mo. 2012) (dismissing PRA Group, Inc. for lack of personal jurisdiction because it did not maintain offices in Missouri and did not engage in collection of consumer debt); *Williams v. Portfolio Recovery Assocs.*, 2012 U.S. Dist. LEXIS 169136 at *1 (N.D. Tex. Nov. 29, 2012) (dismissing PRA Group, Inc. for lack of personal jurisdiction).

B. <u>Plaintiffs Fail to Adequately Plead the Existence of a Consumer Debt as Required to Sustain Their FDCPA Claim</u>

"A claim for violation of the FDCPA requires the plaintiff to allege the following three elements: (1) that the plaintiff is a 'consumer' who allegedly owes a debt or a person who has been the object of efforts to collect a consumer debt; (2) the defendant collecting the debt is a 'debt collector' as that term is defined by the FDCPA; and (3) that defendant has engaged in any act or omission in violation of the FDCPA." *Aviles v. Wayside Auto Body, Inc.*, 49 F. Supp. 3d 216, 225 (D. Conn. 2014); *see also Pape v. Amos Fin., LLC*, 2014 U.S. Dist. LEXIS 27047 at *3 (D. Conn. Mar. 4, 2014). The term "debt" as defined under the FDCPA refers to any obligation of a consumer to pay money arising out of the transaction in which the money, property, insurance or services which are the subject of the transaction are "primarily for personal, family

or household purposes." *Goldman v. Cohen*, 445 F. 3d 152, 154 n. 1 (2d Cir. 2006), *citing* 15 U.S.C. § 1692a(5). "Actions arising out of commercial debts are not covered by the protective provisions of the FDCPA." *Id.*

Plaintiffs' Complaint is devoid of any allegations that the PRA Defendants sought to collect a "consumer" debt from Plaintiffs. Instead, Plaintiffs' Complaint only includes two competing allegations with respect to the debt at issue. Specifically, Plaintiffs allege as follows:

> The term "consumer" as used in this Complaint means any natural person obligated or allegedly obligated to pay any debt as "debt" is defined in 15 U.S.C. § 1692a(5).
>
> At all times relevant hereto the Plaintiffs had no relevant outstanding debt, and asserted the same to the Defendants at all times relevant hereto.

Plaintiffs' Compl., ¶¶ 12, 19. However, these allegations are legal conclusions that are not entitled to any presumption of truth, and must be disregarded by the Court. Plaintiffs offer absolutely no factual allegations to support that the debt on which the PRA Defendants allegedly sought to collect was a "consumer" debt as opposed to a "commercial" debt. And, absent such allegations, Plaintiffs' FDCPA claim should be dismissed as a matter of law.

The Court's decision in *Scarola, Malone & Zubatov v. McCarthy, Burgess & Wolff*, 638 Fed. Appx. 100 (2d Cir. 2016) is instructive. In *Scarola*, plaintiff asserted an FDCPA claim against defendant. In order to establish that the debt at issue was a consumer debt, plaintiff alleged that the debt must have arisen from a transaction that was "primarily for personal, family or household purposes." *Id.* at 102. Defendant moved to dismiss plaintiff's complaint for failure to state a claim, and the district court granted defendant's motion. The Second Circuit upheld the lower court's dismissal, and found that plaintiff's allegations regarding the debt were insufficient to establish that the debt was a consumer debt covered by the FDCPA. Specifically, the Court

held that: "[t]hese allegations…are mere conclusory statements not supported by facts from which the inference could be reasonably drawn that collection efforts arose from a consumer transaction." *Id.* at 102-03.  Plaintiffs, like the plaintiff in *Scarola*, merely parrot the statutory definition of "consumer" in order to establish that the debt at issue arises from a consumer transaction, and in fact admit that they "had no relevant outstanding debt".  These allegations are legal conclusions, devoid of any factual support, and are therefore insufficient to sustain Plaintiffs' burden. *See, e.g.*, *Yentin v. Michaels, Louis & Assocs.*, 2011 U.S. Dist. LEXIS 104711 at \*56, n. 2 (E.D. Pa. Sept. 14, 2011) ("Plaintiffs allege the legal conclusions that they are 'consumers' under the FDCPA…Of course, we will ignore these conclusory allegations in ruling on defendants' motion.").

     And, absent any factual allegations regarding the nature of the debt at issue, Plaintiff's complaint should be dismissed as a matter of law. *See, e.g.*, *Chavez v. Access Capital Servs.*, 2014 U.S. Dist. LEXIS 81626 at \*5 (E.D. Cal. Jun. 16, 2014) (dismissing FDCPA claim where Plaintiff only alleged that defendant harassed her "in an attempt to collect an alleged nonexistent debt."); *Carlisle v. Portfolio Recovery Assocs.*, 2014 U.S. Dist. LEXIS 136834 at \*9 (E.D. Tenn. Sept, 29, 2014) ("Plaintiff's bare allegations that Defendant was attempting to collect on a nonexistent debt are insufficient to support his claim."); *Billie v. Credit Collection Services*, 2017 U.S. Dist. LEXIS 11979 at \*10 (D. Conn. Jan. 30, 2017) ("the Second Circuit made clear that the allegation that a transaction was 'primarily for personal, family or household purposes' as required by the FDCPA is 'not entitled to a presumption of truth' at the motion to dismiss stage."); *Garcia v. Jenkins Babb, L.L.P.*, 569 Fed. App'x 274, 276 (5th Cir. 2014) ("The third amended complaint's recitation of Section 1692a(5)'s key phrase, without any accompanying factual content, exactly the sort of threadbare recital of a cause of action that cannot survive the

motion to dismiss."); *Dokumaci v. MAF Collection Services*, 2010 WL 2560024 at *2 (M.D. Fla. Jun. 17, 2010) (allegation that "plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5)" was insufficient to plead existence of debt.").

### C. Plaintiffs Lack Standing to Assert Claims Under Sections 1692c and 1692g

Plaintiffs assert claims under §§ 1692c and 1692g. Plaintiffs' Compl., pp. 5, 7-8. However, Plaintiffs concede in their Complaint that they did not owe any debt on which the PRA Defendants allegedly sought to collect. Specifically, Plaintiffs state: "[a]t all times relevant hereto the Plaintiffs had no relevant outstanding debt, and asserted the same to the Defendants at all times relevant hereto." Plaintiff's Compl., ¶ 19. Moreover, Plaintiffs refer to the debt as a "nonexistent" one. *Id.*, at ¶ 53.

Section 1692c governs a debt collector's communication with a "consumer", and § 1692g sets forth a debt collector's obligation to validate debts to a "consumer." *See* 15 U.S.C. §§ 1692c and 1692g. Since Plaintiffs admit they do not owe the debt, and that the debt is "nonexistent" they are not "consumers" for purposes of either statutory subsection[4], and therefore lack standing to assert a claim under those section. *See, e.g.*, *Kaniewski v. Nat'l Action Fin. Servs.*, 678 F. Supp. 2d 541, 545 (E.D. Mich. 2009) ("one who does not owe the alleged debt does not have standing to assert a claim under § 1692c); *Vuaal v. Mortgage Elec. Registry Sys.*, 2009 U.S. Dist. LEXIS 75094 at *9 (E.D. Mich. Aug. 24, 2009) (holding that the plaintiff lacked standing under § 1692g because he was not obligated to pay the relevant debt.); *Dunham v. Portfolio Recovery Assocs.*, 2011 U.S. Dist. LEXIS 14514 at *6 (E.D. Ark. Feb. 11, 2011) ("Violations of § 1692g

---

[4] Plaintiffs conclusorily plead that they "are consumers as defined by the Fair Debt Collection Practices Act…" Plaintiff's Compl., ¶ 5.  This is a legal conclusion which the Court ignores in its analysis. *See, e.g.*, *Yentin v. Michaels, Louis & Assocs.*, 2011 U.S. Dist. LEXIS 104711 at *56, n. 2 (E.D. Pa. Sept. 14, 2011) ("Plaintiffs allege the legal conclusions that they are 'consumers' under the FDCPA…Of course, we will ignore these conclusory allegations in ruling on defendants' motion.").

14

may only be brought by the 'consumer.'"); *Obenauf v. Fronteir Fin. Group, Inc.*, 785 F. Supp. 2d 1188, 1206 (D.N.M. 2011) ("Congress limited § 1692c(c) to consumers.")

That Plaintiffs allegedly received telephone calls from the PRA Defendants does not otherwise transform them into consumers. Plaintiffs' allegations make clear that the PRA Defendants were not attempting to reach the Plaintiffs with respect to their debt. Plaintiffs' Compl., ¶ 27). As such, Plaintiffs are not "consumers" despite their alleged receipt of telephone calls from the PRA Defendants. *See Dunham*, 2011 U.S. Dist. LEXIS 14514 at *8-*10 (collecting cases holding that a plaintiff is not allegedly obligated to pay on a debt simply by virtue of receiving communications from a debt collector).

### D. Plaintiffs Lack Standing to Assert a Claim under § 1692e

Plaintiffs assert a claim under § 1692e which sets forth a general proscription on false or misleading representations by debt collectors. *See* 15 U.S.C. § 1692e. However, a claim under § 1692e is not actionable where plaintiffs understood that the defendant was not trying to collect a debt from them. *See Jones v. Revenue Assistance Corp.*, 2016 U.S. Dist. LEXIS 93946 at *11-*12 (D. Mass. Apr. 13, 2016). Here, Plaintiffs allegations make clear that they understood that the PRA Defendants were not attempting to collect a debt from them, and were even informed of as much. Plaintiffs Compl., ¶¶ 19, 27 (The PRA Defendants' letter references that "Plaintiffs are not the person (sic) we were seeking to contact and we regret the consumer's inconvenience.") Since Plaintiffs knew that the PRA Defendants were not attempting to reach them, their claim under § 1692e is not actionable. *See, e.g.*, *Kaniewski*, 678 F. Supp. 2d at 546 (dismissing claim under § 1692e because "[t]here is no dispute that Plaintiff knew that Defendant was not attempting to collect a debt from him."); *Jones*, 2016 U.S. Dist. LEXIS 93946 at *12 ("Accepting these allegations as true, Plaintiff knew that Revenue Assistance was not trying to

collect a debt owed by him. For this reason his § 1692e claim must fail."); *McDermott v. Randall S. Miller & Assocs.*, 835 F. Supp. 362, 371-73 (E.D. Mich. 2011) (dismissing claim under § 1692e where Plaintiff knew that Defendant was attempting to collect a debt that was not actually his debt).

   E. <u>Plaintiffs' Claims under the Connecticut Creditors Practices Act Should be Dismissed as a Matter of Law</u>

Plaintiffs assert claims under the CCCP, Conn. Gen. Stat. § 36a-646, which provides as follows: "[n]o creditor shall use any abusive, harassing, fraudulent, deceptive or misleading representation, device or practice to collect or attempt to collect any debt." *See* Conn. Gen. Stat. § 36a-646.  Conn. Gen. Stat. § 36a-645 defines debt and creditor (as used in §§ 36a-645 through 36a-647) as follows:

> "Debt" means an obligation or alleged obligation arising out of a transaction in which the money, property, goods or services which are the subject of the transaction are for personal, family or household purposes, whether or not such obligation has been reduced to judgment." *See* Conn. Gen. Stat § 36a-645.

> "Creditor means (A) any person to whom a debt is owed by a consumer debtor and such debt results from a transaction occurring in the ordinary course of such person's business or (B) any person to whom such debt is assigned. "Creditor" shall not include a consumer collection agency, as defined in section 36a-800, or any department or agency of the United States, this state, any other state, or any political subdivision thereof.

*See* Conn. Gen. Stat. § 36a-645.  Plaintiffs fail to allege that either of the PRA Defendants are "creditors" as that term is defined under the statute.  Accordingly, they fail to state an actionable claim under this section. *Cf. Nabil Ghawi v. Law Offices of Howard Lee Schiff, P.C.*, 2014 U.S. Dist. LEXIS 172930 at *26-27 (D. Conn. Dec. 1, 2014) (dismissing claim under CCCP where allegations only pertained to debt collectors and not creditors). Moreover, as the foregoing demonstrates, Plaintiffs fail to plead that their debt is one that was incurred for personal, family

or household purposes. Absent such allegations, Plaintiffs cannot sustain a claim under the CCCP, and their Complaint should be dismissed as a matter of law.

Plaintiffs also assert a claim against the PRA Defendants under Conn. Gen. Stat. § 36a-812 which provides as follows: "[e]ach consumer collection agency shall comply with the applicable provisions of the Fair Debt Collection Practices Act…a violation of such federal law or regulation shall be deemed to be a violation of this section…" *See* Conn. Gen. Stat. § 36a-812. However, since Plaintiffs are unable to a claim under the FDCPA, discussed *supra*, there is no violation of this subsection.

## VI. Conclusion

Based upon the foregoing, the PRA Defendants respectfully request that this Court dismiss Plaintiffs' Complaint with prejudice, along with such other relief as this Court deems appropriate.

> Respectfully submitted,
> Attorneys for Defendants Portfolio Recovery
> Associates, LLC; PRA Group, Inc.,
> By Their Attorneys
>
> */s/ Valerie N. Doble*
> Valerie N. Doble, CT #425760
> HINSHAW & CULBERTSON LLP
> 28 State Street, 24th Floor
> Boston, MA 02109
> 617-213-7000
> 617-213-7001  (facsimile)

Dated:     July 7, 2017

## CERTIFICATE OF SERVICE

I, Valerie N. Doble, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

> */s/ Valerie N. Doble*
> Valerie N. Doble